# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIRK D. THOMPSON,                    )
                                     )
            Plaintiff,               )
                                     )
        v.                           )        No. 08 C 6444
                                     )
JOHN WILLIAMS et al.,                )
                                     )
            Defendants.              )

## MEMORANDUM OPINION

Before the court are plaintiff's motion to file an amended complaint and defendants' motion to dismiss.  For the reasons explained below we (i) grant plaintiff's motion and (ii) grant defendants' motion in part and deny it in part.

## BACKGROUND

Plaintiff Kirk Thompson, proceeding pro se, seeks damages under federal and state law stemming from his arrest on November 10, 2006.  He alleges that he was "minding his own business" on a street corner when defendant officers John Williams and Chad Evans seized him by the arm, dragged him to their squad car, and searched him.  (Am. Compl. ¶¶ 14-15.)  Thompson alleges that Williams "punched" him in the back when he refused to tell Williams what he held in his hands.  (Id. at ¶ 16.)  Thompson then "wrestled" himself away from Williams' control and fled on foot to a nearby car port where the officers caught up with him.  (Id. at ¶¶ 18-19.)

Thompson alleges that they then beat him. (Id. at ¶ 19.) Thompson was charged with aggravated battery, predicated on his having pushed Williams, and resisting a peace officer. (Id. at ¶¶ 30 and 35.) In exchange for the prosecutor's agreement to dismiss the aggravated-battery charge, Thompson pled guilty to resisting a peace officer (a misdemeanor) and was sentenced to time served. (Id. at ¶¶ 40, 43-45.)

Thompson moved to amend his complaint shortly after the defendants moved to dismiss his original complaint. At a hearing on February 11, 2009, we denied defendants' motion as to Count I, which alleges that Williams and Evans used excessive force in connection with Thompson's arrest. We asked Thompson to respond to the defendants' motion as to Counts II (§ 1983 claim for unlawful search and seizure), IV (malicious prosecution) and V (intentional infliction of emotional distress) of the original complaint. With respect to his state-law claims, we specifically invited Thompson to address the defendants' argument that those claims are time-barred. We did not ask Thompson to respond to defendants' motion as to Counts II (equal protection) and VI (Monell liability) in light of his pending motion to file a superceding complaint. Nevertheless, he has responded to the defendants' arguments as to those claims. (See Pl.'s Resp. at 12-14.)

**DISCUSSION**

**A. Legal Standard**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999); <u>Jang v. A.M. Miller & Assocs.</u>, 122 F.3d 480, 483 (7th Cir. 1997). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" <u>EEOC v. Concentra Health Servs., Inc.</u>, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). Our Court of Appeals has cautioned courts and litigants against "overread[ing]" <u>Bell Atlantic</u>, see <u>Limestone Dev. Corp. v. Village of Lemont</u>, 520 F.3d 797, 803 (7th Cir. 2008), and the Supreme Court has since dispelled the notion that it had abandoned notice pleading. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). So, "heightened fact pleading of specifics" is still not required. <u>Killingsworth v. HSBC Bank Nevada</u>, 507 F.3d 614, 618 (7th Cir. 2007) (citation and internal quotation marks omitted). Nevertheless, the complaint must "contain enough facts to state a claim to relief that is plausible on its face." <u>Id.</u>

## B.    Thompson's Motion to File an Amended Complaint

Thompson is entitled to amend his complaint once as a matter of course before being served with a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Defendants have not answered the complaint, and their motion to dismiss is not a responsive pleading for Rule 15(a)(1)'s purposes. See Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). Plaintiff's motion to file his Verified First Amended Complaint is granted. Although defendants' motion addresses the allegations in Thompson's original complaint, the parties have briefed the dispositive issues with respect to Counts II, VII, VIII and IX of the amended complaint. We address those issues below.[1]

## C.    Thompson's State-Law Claims for Malicious Prosecution and Intentional Infliction of Emotional Distress

Illinois's Tort Immunity Act imposes a one-year statute of limitation on state-law claims against local entities and their employees. See 745 ILCS 10/8-101. Thompson does not dispute that the Tort Immunity Act applies to the City and its employees, Williams and Evans. Under the Act, the limitations period begins to run when the plaintiff's injury occurs or his cause of action accrues. Id. A claim for malicious prosecution accrues when the proceedings against the plaintiff terminate in his or her favor.

---

[1]    Thompson has also added claims for excessive bail (Count III), abuse of process (Count IV), and conspiracy under 42 U.S.C. § 1985(3) (Count VI). In addition, he has added as defendants the police officer who testified before the grand jury that returned the indictment against him and the assistant state's attorneys who prosecuted him. We express no opinion concerning the viability of these new claims.

Treece v. Village of Naperville, 903 F.Supp. 1251, 1257 (N.D. Ill.
1995). "Emotional distress claims accrue on the date that the
defendant committed the act that allegedly caused the plaintiff's
distress." Turner v. McQuarter, 79 F.Supp.2d 911, 918 (N.D. Ill.
1999). Accordingly, Thompson's claims accrued, at the latest, on
April 23, 2007 when his prosecution terminated. (Am. Compl. ¶ 44.)
Thompson did not file his complaint in this action until
approximately 17 months later. Although Thompson's response to
defendants' motion to dismiss is otherwise competently researched
and written, he does not argue (or even attempt to argue) that § 8-
101 does not apply to bar his state-law claims. See Small v.
Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts
liberally construe pro se pleadings as a matter of course, judges
are not also required to construct a party's legal arguments for
him.") (internal citation omitted). We conclude that Thompson's
state-law claims against the City, Williams, and Evans for
malicious prosecution and intentional infliction of emotional
distress are time-barred.

**D.  Thompson's § 1983 Claim for Unlawful Search and Seizure**

Defendants argue that Thompson's conviction for resisting a
peace officer bars his § 1983 claim predicated on defendants'
alleged violations of the Fourth Amendment (as applied to the
states by the Fourteenth Amendment). In Heck v. Humphrey, 512 U.S.
477, 486-87 (1994), the Supreme Court held that "in order to

recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." See also Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that he disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, Heck kicks in and bars his civil suit."). Thompson has not alleged that his conviction has been reversed, expunged, invalidated or called into question. However, "[o]nly a claim that 'necessarily' implies the invalidity of a conviction . . . comes within the scope of Heck." Gilbert v. Cook, 512 F.3d 899, 902 (7th Cir. 2008); see also Nelson v. Campbell, 541 U.S. 637, 647 (2004) ("[W]e were careful in Heck to stress the importance of the term 'necessarily.'"). At the hearing on defendants' motion we concluded that Thompson's excessive-force claim did not *necessarily* imply that his conviction for resisting a peace officer was invalid. See, e.g., VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir. 2006). We now reach the same conclusion with respect to Thompson's unlawful search and seizure claim. See, e.g., Simpson

v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). Thompson alleges that the defendants had no "reasonable grounds to suspect" that he had committed or was about to commit any crime when they stopped and searched him. (Am. Compl. ¶ 48.) His guilty plea to resisting a peace officer is not inconsistent with the allegation that he was unlawfully detained and searched in the first instance: under Illinois law, "[r]esisting even an unlawful arrest of a known police officer violates the statute." See Hardick v. City of Bolingbrook, 522 F.3d 758, 762 (7th Cir. 2008); cf. Heck, 512 U.S. at 486 n.6 (observing that a conviction for resisting arrest would preclude a § 1983 claim for unlawful seizure if the offense, as defined by state law, required that the arrest be "lawful"). Whether the initial stop and search was in fact justified is beyond the scope of defendants' Rule 12(b)(6) motion. See Terry v. Ohio, 392 U.S. 1, 30 (1968); Hardick, 522 F.3d at 762-63.

Defendants point out, however, that at other points in his complaint Thompson alleges that he was "falsely" accused of "allegedly" resisting a peace officer. (See Def. Mot. at 3; Am. Compl. ¶ 83; see also id. ¶¶ 30, 45 and 72.) And there are other problematic allegations besides those that the defendants have cited, including his allegation that he fled from Williams "out of

fear for his personal safety and life" and pled guilty to resisting a peace officer under "duress." (See, e.g., Am. Compl. ¶¶ 16, 18, 44, 70 and 73). In Okoro, the Court held that the plaintiff could not proceed with his § 1983 claim on a hypothetically valid ground when he insisted on pursuing a version of the facts that was incompatible with his drug conviction. See Okoro, 324 F.3d at 489-90 (plaintiff alleged that federal and state officers stole gems and cash from him during a search of his home, but "insisted that he was not trying to sell the officers heroin, as they testified."). "[S]ince he is challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, he is barred by Heck." Id. at 490. See also McCann v. Neilsen, 466 F.3d 619, 622 (7th Cir. 2006) ("The question for us, then, is not whether McCann could have drafted a complaint that steers clear of Heck (he could have), but whether he did.").

Bearing in mind that this case is still at the pleading stage, and that Thompson is proceeding pro se, we do not think that dismissal with prejudice is warranted. See id. at 623 (construing the complaint's allegations to avoid impugning the plaintiff's conviction in light of the Court's "obligation at this stage of the proceedings to construe the complaint in the light most favorable to the nonmoving party."). Unlike the plaintiff in Okoro, Thompson's version of the facts surrounding his arrest is consistent with his conviction. (Compare Compl. ¶ 14 (alleging

that he "wrestled" himself free from Williams' control and "fled on foot"), with Bill of Indictment, attached as Ex. 7 to Pl.'s Verified Am. Compl., at 2 (charging that Thompson "pushed John Williams and then ran from him after being searched").) He has alleged an *actual* claim for relief that does not violate Heck. With respect to his other allegations, Thompson will not have free rein to attack his guilty plea. See Gilbert, 512 F.3d at 901. But he may choose to take an "agnostic posture" with respect to his conviction without violating Heck, see id. at 902, and if he strays from that posture we can remedy the issue at that time. See id. ("Instead of insisting that Gilbert confess in open court to striking a guard, the judge should have implemented Heck and Edwards [applying Heck to the decisions of prison disciplinary tribunals] through instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence."). Thompson's claims for excessive force and unlawful seizure are sufficient to permit this case to proceed to the next stage of litigation.

**E.   Equal Protection**

We agree with Thompson that the defendants have overstated Thompson's pleading obligations with respect to his equal protection claim.[2] "To state an equal protection claim, a § 1983

---

[2]/   Although we did not ask plaintiff to do so, he has addressed defendants' arguments with respect to his equal protection and Monell claims. Defendants, complying with our order, did not address these claims in their reply brief. We find, however, that no reply is required as to these issues.

plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1220 (7th Cir. 1994). Thompson's amended complaint alleges that he is African American (Am. Compl. ¶ 4) and that the defendants purposefully discriminated against him on that account. (Id. at ¶¶ 1, 79, 95.) Construing Thompson's pro se complaint liberally, see Hudson v. McHugh, 148 F.3d 859, 863 (7th Cir. 1998), he has alleged that each of the defendants' actions, from the initial stop through Thompson's eventual release from prison, was motivated by racial animus. (Id.; see also Pl.'s Resp. at 12.) These allegations are sufficient to put the defendants on notice of Thompson's claim. See, e.g., Brown v. Budz, 398 F.3d 904, 916 n. 1 (7th Cir.2001) ("[T]his court has held that an allegation as simple as 'I was turned down a job because of my race' is all a complaint has to say to plead sufficiently race discrimination in violation of the Equal Protection Clause.") (internal quotation marks omitted). Defendants' motion to dismiss plaintiff's equal protection claim (Count V of plaintiff's amended complaint) is denied.

## F.    Municipal Liability

Defendant City of Joliet argues that Thompson's complaint fails to state a claim for relief under Monell v. Dept. of Social Serv. of the City of New York, 436 U.S. 658 (1978). Thompson alleges that, at the time of his arrest and prosecution, the City

maintained an unconstitutional policy of failing to "supervise, control, train, or discipline" its police officers and that it tacitly "encouraged a climate of constitutional abuse." (Am. Compl. ¶¶ 94-95.) He also alleges that the City's policy led to the constitutional violations he alleges in his complaint. (Id. at ¶ 94.) Thompson's <u>Monell</u> claim is not subject to a heightened pleading standard. See <u>Lanigan v. Village of East Hazel Crest, Ill.</u>, 110 F.3d 467, 479 (7th Cir. 1997); <u>Sledd v. Lindsay</u>, 102 F.3d 282, 288 (7th Cir.1996). In <u>Lanigan</u>, the Court held that less detailed allegations than Thompson's stated a claim for relief. See <u>Lanigan</u>, 110 F.3d at 480 (reversing the district court's dismissal of a <u>Monell</u> claim "merely" consisting of "boilerplate allegations."). Defendants take Thompson to task for not identifying other incidents attributable to the City's alleged policy, and Thompson responds by directing our attention to other cases that have been filed against Joliet police officers for civil-rights violations. See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Thompson should be given the opportunity to develop an evidentiary record concerning these matters. See <u>Lanigan</u>, 110 F.3d at 480; <u>Sledd</u>, 102 F.3d at 289; <u>see also</u> <u>Bell v. City of Chicago</u>, No. 98 C 3763, 1998

WL 851485, *3 (N.D. Ill. Dec. 1, 1998) (A § 1983 plaintiff is "not expected" to have detailed information about other incidents at the pleading stage.). Defendants' motion to dismiss plaintiff's <u>Monell</u> claim (Count IX of plaintiff's amended complaint) is denied.

### <u>CONCLUSION</u>

Plaintiff's motion to file his Verified First Amended Complaint (23) is granted. The motion to dismiss filed by defendants City of Joliet, Williams and Evans (20) is granted in part and denied in part. It is granted as to Counts VII and VIII of the amended complaint and those counts are dismissed with prejudice as to those defendants. It is denied as to Counts II, V, and IX. The City of Joliet, Williams and Evans have until July 3, 2009 to answer the amended complaint, or otherwise plead to those claims we have not yet addressed (Counts III, IV, and VI).


DATE:    June 22, 2009

ENTER:   _____
         John F. Grady, United States District Judge