```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

KIRK D. THOMPSON,              )
                               )
        Plaintiff,             )
                               )
        v.                     )    No. 08 C 6444
                               )
JOHN WILLIAMS et al.,          )
                               )
        Defendants.            )

**MEMORANDUM OPINION**

Defendants Chudwin and Smith have moved to dismiss counts III (excessive bail), V (equal protection), and VI (§ 1985 conspiracy) of plaintiff's amended complaint. We grant defendants' motion for the reasons explained below.

**DISCUSSION**

As discussed in our memorandum opinion dated June 22, 2009, plaintiff Kirk Thompson is pursuing several claims stemming from his arrest on November 10, 2006. See generally Thompson v. Williams, No. 08 C 6444, 2009 WL 1766774 (N.D. Ill. June 22, 2009). Thompson amended his complaint on February 10, 2009 to add as defendants Kenneth Chudwin and Linda Smith, the assistant state's attorneys who prosecuted his criminal case. Id. at *2 n.1. Thompson alleges that Chudwin and Smith violated his rights under the Fourteenth Amendment by conspiring with the arresting officers to wrongfully prosecute him. (See Am. Compl. Counts V (§ 1983

equal-protection claim) and VI (§ 1985 claim for conspiracy to deprive Thompson of his civil rights).) As part of the alleged conspiracy, Thompson alleges that Chudwin improperly called a summary witness to testify before the grand jury that returned the indictment against him. (Id. at ¶¶ 33-34.) Thompson further alleges that Smith violated the Eighth Amendment by requesting and receiving an excessive bail bond ($50,000). (Am. Compl. ¶¶ 54, 69; Count III (§ 1983 claim for excessive bail).) Defendants assert three affirmative defenses in support of their motion to dismiss: (1) Eleventh-Amendment immunity; (2) the statute of limitations; and (3) prosecutorial immunity. Because we decide constitutional questions only when they cannot be avoided, we address the defendants' other arguments first. See Rehman v. Gonzales, 441 F.3d 506, 508 (7th Cir.2006) ("Non-constitutional arguments always come first; constitutional contentions must be set aside until their resolution is unavoidable.").

**A.   Statute of Limitations**

We may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) when it "plainly reveals that an action is untimely under the governing statute of limitations." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); see also Xechem, Inc. v. Bristol-Meyers Squibb, Co., 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court — that is, admits all the ingredients of an impenetrable defense — may a complaint that

otherwise states a claim be dismissed under Rule 12(b)(6)."). The applicable statute of limitations for plaintiff's claims under §§ 1983 and 1985 is determined by state law. Hoagland v. Town of Clear Lake, Ind., 415 F.3d 693, 699-700 (7th Cir. 2005) ("For §§ 1983 and 1985 claims, the statute of limitations is determined by the law of the state in which the violation took place."). The alleged violations took place in Illinois, therefore we apply the Illinois' two-year statute of limitations applicable to claims for personal injury. See 725 ILCS 5/13-202; Brooks v. Ross, --- F.3d ---, 2009 WL 2535731, *2 (7th Cir. Aug. 20, 2009) ("A plaintiff in Illinois must pursue a personal injury action within 2 years from the accrual of the claim. Brooks's § 1983 claims follow suit.") (internal citation omitted). Defendants contend, and Thompson does not dispute, that Thompson's claims against Smith accrued on November 11, 2006, the date of his bond hearing. Thompson likewise does not dispute defendants' contention that his claims against Chudwin accrued (at the latest) on December 11, 2006, the date of his arraignment. Thompson moved to join these defendants on February 10, 2009, more than two years after his claims against them accrued. He argues, however, that his claims relate back to the date of his original complaint filed on November 10, 2008. Even if we assume that Thompson's claims against Chudwin and Smith arise out of the "conduct, transaction, or occurrence" set out in his original complaint, Fed. R. Civ. P. 15(c)(1)(B), he has not

asserted a "mistake concerning the proper party's identity." Fed. Civ. P. 15(c)(1)(C)(ii). Thompson filed his complaint two years to the day after he was arrested, and then amended his complaint to add additional claims and defendants after "further investigation of available public documents." (Pl.'s Rule 15(c) Mot. to Amend Compl. at 2.) This is not a "mistake" warranting relation back to the date of the original complaint. See Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006) ("A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'"); see also In re Brand Name Prescription Drugs Antitrust Litigation, No. 94 C 897, 1998 WL 474146, *3-5 (N.D. Ill. Aug. 6, 1998) ("[W]here the plaintiff has knowledge of, but initially fails to join, an omitted defendant, the amended complaint does not relate back when that defendant is later joined."). We conclude that plaintiff's claims against Chudwin and Smith are barred by the statute of limitations.

**B.   Prosecutorial Immunity**

Even if Thompson's claims were timely, they are barred by the defendants' prosecutorial immunity. See Xechem, Inc., 372 F.3d at 901 (dismissal is appropriate if the plaintiff "admits all the ingredients of an impenetrable defense"); Weissman v. National Ass'n of Securities Dealers, Inc., 500 F.3d 1293, 1309 (11th Cir. 2007) ("There can be no doubt that a motion to dismiss under Rule 12(b)(6) is a proper vehicle to defeat a complaint that, on its

face, cannot overcome an immunity defense."). "Not all official actions of a state prosecutor are absolutely immune from section 1983 liability. Rather, prosecutors are absolutely immune from liability for damages under 42 U.S.C. § 1983 only for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." Houston v. Partee, 978 F.2d 362, 365 (7th Cir. 1992) (citations and internal quotation marks omitted). Chudwin's and Smith's conduct in connection with the grand-jury and bail proceedings was "intimately associated with the judicial phase of the criminal process." Id.; see Redwood v. Dobson, 476 F.3d 462, 466 (7th Cir. 2007) (prosecutor's decision to commence criminal prosecution, and to call a summary witness at grand jury hearing, is entitled to absolute prosecutorial immunity); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) ("[A]ctions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity."). The defendants are likewise immune from damages for their decision to pursue Thompson's prosecution in the first place. See Redwood, 476 F.3d at 466 ("Dobson's decision to commence a criminal prosecution is covered by absolute immunity.").

## CONCLUSION

Defendants' motion to dismiss (38) is granted.  Counts III, V, and VI are dismissed with prejudice as to defendants Chudwin and Smith.  A status hearing is set for September 30, 2009 at 10:30 a.m.

    DATE:      September 22, 2009

    ENTER:     _____
                  John F. Grady, United States District Judge